UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ELIZABETH CANDELARIA, on behalf of
herself and all others similarly situated,

                        Plaintiff,

          -against-

CONOPCO, INC. d/b/a UNILEVER
HOME & PERSONAL CARE USA,

                        Defendant.
------------------------------------------------------------X

**ORDER**
21-CV-6760 (NCM) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

WHEREAS, on January 23, 2026, Defendant filed a fully briefed motion for summary judgment and two fully briefed motions to preclude Plaintiff's experts, Dr. Marc Serota ("Serota") and Dr. Christine Thiffault ("Thiffault"), from testifying at trial, all with voluminous exhibits, together with a joint motion to seal and a supporting memorandum seeking to file portions of their motions and exhibits under seal[1];

WHEREAS, having reviewed the motions, exhibits, and sealing requests in light of the well-established right of public access to judicial documents and the public's

---

[1] *See* Mots. for Leave to File Document Under Seal, ECF 81, 82, 83; Joint Letter, ECF 84; *see also* Def. Mem. of L. in Supp. of Mot. for Summ. J., ECF 81-2; Pl. Mem. of L. in Opp'n to Def. Mot. for Summ. J., ECF 81-32; Def. Reply, ECF 81-86 (summary judgment briefing); Def. Mem. of L. in Supp. of Mot. to Preclude Dr. Serota ("Def. Serota Mem."), ECF 82-2; Pl. Mem. of L. in Opp'n to Mot. to Preclude Dr. Serota ("Pl. Serota Opp'n"), ECF 82-30; Def. Reply, ECF 82-45 (Serota preclusion briefing); Def. Mem. of L. in Supp. of Mot. to Preclude Dr. Thiffault, ECF 83-2; Pl. Mem. in Opp'n to Mot. to Preclude Dr. Thiffault, ECF 83-17; Def. Reply, ECF 83-30 (Thiffault preclusion briefing).

interest in monitoring the administration of justice,[2] *see Mirlis v. Greer*, 952 F.3d 51, 58–59

(2d Cir. 2020); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006);

*United States v. Aref*, 533 F.3d 72, 81–83 (2d Cir. 2008); *King Pharms., Inc. v. Eon Labs, Inc.*,

No. 04-CV-5540 (DGT) (RLM), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010)

(collecting cases), the Court finds that the parties' motions to seal should be granted in

part and denied in part,

  IT IS HEREBY ORDERED that the requests to seal pertaining to Defendant's

summary judgment and preclusion motions are GRANTED in part and DENIED in

---

[2] When reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "all of the factors that legitimately counsel against disclosure of the judicial document" outweigh "the weight properly accorded the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quotation marks omitted).

Here, the parties are seeking to seal portions of briefs and exhibits submitted in support of Defendant's fully briefed summary judgment motion and motions to preclude expert witnesses. Accordingly, in weighing the second factor, the Court affords significant weight to the presumption of access because the documents were submitted in support of their request for a judicial adjudication of a question impacting the scope of relief in this case. *See Miami Prods. & Chem. Co. v. Olin Corp.*, No. 19-CV-0385 (EAW), 2025 WL 3496140, at *3 (W.D.N.Y. Dec. 5, 2025) (collecting cases discussing the "strong presumption of public access" that applies to documents submitted in connection with a motion for summary judgment, and the "slightly lesser but still substantial presumption" that applies to *Daubert* motions). The Second Circuit has recognized "that the weight to be given" to the presumption of access to judicial documents falls along a continuum, and "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995); *see also Mirlis*, 952 F.3d at 60 ("The general and deeply rooted rule is that the presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights — conduct at the heart of Article III.'" (quoting *Amodeo II*, 71 F.3d at 1049)); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (finding that a "judicial document" is "relevant to the performance of the judicial function and useful in the judicial process" and that such documents are presumptively public (quotation marks omitted)).

part, and the parties may publicly file the motions and attachments with the redactions indicated in the proposed filings, except as follows:[3]

As discussed below, certain of the parties' sealing requests are denied because the requests to seal include important factual assertions and argument that are accorded a presumption of public access since they directly relate to the pending motions for summary judgment and/or preclusion. To the extent a specific sealing request is denied, the Court finds that the parties have not established either (1) that public filing of information as to which sealing is denied realistically risks disclosure of confidential business information, trade secrets,[4] or third parties' private information, or (2) that the

---

[3] The Court notes that this Order only addresses the documents containing proposed redactions highlighted in blue for information previously sealed by the Court in connection with the Class Certification motion, in orange for Defendant's proposed redactions, and in green for Plaintiff's proposed redactions. All documents that have no indicated redactions, together with appropriately redacted public versions of the documents as to which redactions are permitted, shall be filed publicly.

Unless otherwise indicated, the remainder of the parties' proposed redactions are approved. For example, Defendant's requests to seal information related to product sales from Def. R. 56.1 Statement, ECF 81-3, ¶¶ 117, 119, and to seal information related to product formulations from Lambert Decl., Ex. B (Thiffault Report), ECF 81-12, at 8–9, are approved. Likewise, Plaintiff's request to seal sensitive medical information contained within Lambert Decl., Ex. A (Serota Report), ECF 81-11, are approved in full; the redacted information at ¶¶ 51–70 is not relevant to the instant lawsuit, and the proposed redaction in ¶ 77 is narrowly tailored to preserve Plaintiff's privacy. Similarly, Defendant's requests to seal the documents filed at ECF 81-64, 81-65, 81-66, and 81-67 are approved, given that the Court previously approved the sealing of these documents. *See* Class Cert. Sealing Order, ECF 57, at 2 n.2. To the extent that certain exhibits are filed in support of multiple motions, the Court's grant or denial of the parties' proposed redactions shall apply to all instances in which the exhibit appears. *E.g.*, Defendant's proposed redactions concerning product formulation in the Thiffault Report, filed at ECF 81-12, 82-11, and 83-7, are all granted.

[4] It is well established that considerations of "a business's proprietary information, such as trade secrets or confidential research" can override the public right of access to judicial documents. *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009). Here, the Court finds that Defendant's requests to seal its proprietary information are narrowly tailored to protect sensitive business information such as sales figures or product formulations, outweighing the presumption of public access to court proceedings, in conformity with its previous requests in support of the Class Certification Sealing Motion.

proposed redactions regarding Plaintiff's sensitive medical information are narrowly tailored to preserve Plaintiff's privacy interest in that information. *See Lugosch*, 435 F.3d at 120. Thus, the parties have failed to establish that the risk of disclosure outweighs the presumption of public access, and

The Court's conclusions are as follows:

(1) Plaintiff's requests to seal specific language (highlighted in green) from Defendant's Rule 56.1 Statement, ECF 81-3, are GRANTED in part and DENIED in part. Specifically, Plaintiff **may** redact the names of (i) any medical condition with which Plaintiff was diagnosed or for which she was tested or sought treatment, (ii) the name of any medication or other treatment she was prescribed or which she underwent for such condition, or (iii) any precipitating life event identified as a possible alternative cause of hair loss.[5]

---

[5] Courts routinely grant motions to seal sensitive medical information of the kind Plaintiff seeks to redact here. *See Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022). However, "[w]here documents directly affect an adjudication, or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only by extraordinary circumstances." *42West LLC v. Gould*, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024) (quotation marks omitted). Moreover, it is axiomatic that a plaintiff who brings a lawsuit where her medical history is at issue has a diminished privacy right in medical records relevant to the resolution of her claims. *See Crawford v. Manion*, No. 96-CV-1236 (MBM), 1997 WL 148066, at *2 (S.D.N.Y. Mar. 31, 1997) (collecting cases).

Here, Plaintiff's medical history, including past diagnoses and treatment that may be alternative causes of her hair loss, is directly relevant to the adjudication of the underlying motions. While mindful that "Plaintiff's privacy interest in her medical information provides a compelling countervailing interest in favor of sealing," the Court finds that many of Plaintiff's requests to redact sensitive medical information are not narrowly tailored to protect this interest when balanced against the public's right of access. *Robinson*, 2022 WL 2712827, at *2; *see Braxton v. City of New York*, No. 17-CV-0199 (GBD) (SDA), 2021 WL 7287625, at *7 (S.D.N.Y. Dec. 7,

Plaintiff may **not** redact the remainder of any sentence in which any such reference appears or the surrounding context. For example, Plaintiff may not redact ¶ 7 or subheading B. on p. 2 at all; Plaintiff may only redact the final word in ¶ 8; and Plaintiff may only redact the first word in ¶ 9.[6]

    a. Plaintiff's requests to seal specific language from Plaintiff's Statement in Response, ECF 81-33, are correspondingly GRANTED in part and DENIED in part.

(2) Plaintiff's request to seal Lambert Decl., Ex. E (Wiederman Dep. Tr.), ECF 81-15, is DENIED, without prejudice, as it contains no sensitive medical information and no specific basis has been advanced as to why it should be filed under seal.

---

2021), *report and recommendation adopted sub nom. Braxton/Obed-Edom v. City of New York*, 2022 WL 443816 (S.D.N.Y. Feb. 14, 2022); *see also Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235 (JPO) (KHP), 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (observing that a "sealing request is narrowly tailored when it seeks to seal *only* that information that must be sealed to preserve higher values," including "personal privacy interests" (quotation marks omitted)).

For the foregoing reasons, the Court finds that a sealing protocol whereby the parties' arguments regarding the *import* of Plaintiff's medical history, and any corresponding references to the record, remain publicly available, but the names of any of Plaintiff's conditions/diagnoses, prescriptions/treatments, or life events identified as precipitating hair loss may be redacted, is narrowly tailored to preserve Plaintiff's privacy interests while ensuring the public's right of access. For example, Plaintiff's proposed redactions in Pl. Serota Opp'n, ECF 82-30, are in conformity with this protocol (and are thus approved in full). Additionally, to the extent that this Order approves any part of Plaintiff's proposed redactions of sensitive medical information, the Court notes that the decision of whether to seal any portion of the order(s) on the underlying motions that reference Plaintiff's medical history is, of course, not binding on the assigned district judge, and the determination as to whether to file any opinion or order under seal is reserved for the court. *See Braxton*, 2021 WL 7287625, at *7 (allowing certain exhibits to be filed under seal, but not sealing the order discussing said exhibits and collecting cases).

[6] This approach to redactions should also be used as to ¶¶ 10–11, 19–34 and 38–40 in Defendant's Rule 56.1 Statement, ECF 81-3.

(3) Plaintiff's requests to seal specific language (highlighted in green) from Lambert Decl., Ex. F (Serota Dep. Tr.), ECF 81-16, are GRANTED in part and DENIED in part. Plaintiff's proposed redactions on pp. 32–33 are denied as not narrowly tailored, as the statements generically reference various illnesses and life events. The redactions on p. 162 are denied as not narrowly tailored to protect a third party's sensitive medical information. The redactions on pp. 93–97 and 104–07 are approved in accordance with the protocol described *supra*, paragraph (1). For example, on pp. 93–95, Plaintiff may redact the names of prior diagnoses, but may not redact any other text. Similarly, on p. 96, Plaintiff may redact the first word in line 96:4 and the only word in line 96:13, but no other portions of that page. This approach must also be used for pp. 97 and 104–07.

   a.  Plaintiff's requests to seal specific language from Fearon Decl., Ex. 43 (Serota Dep. Tr.), ECF 81-78, and Fearon Decl., Ex. 4 (same), ECF 82-35, are correspondingly GRANTED in part and DENIED in part.

(4) Plaintiff's requests to seal specific language (highlighted in green) from Lambert Decl., Ex. G (Detmar Serota Dep. Tr.), ECF 81-17, are GRANTED in part and DENIED in part. Plaintiff's proposed redactions on pp. 85–86 are DENIED as not narrowly tailored to preserve a higher interest, as the statements generically reference prescription medication. Plaintiff's proposed redactions on pp. 150–51 are GRANTED.

(5) Plaintiff's requests to seal specific language (highlighted in green) from Fearon Decl., Ex. 34 (Pl.'s Resp. to Def.'s First Set of Interrogs.), ECF 81-69, are GRANTED in part and DENIED in part. Specifically, the proposed redactions to the individual elements of the list in Plaintiff's response to Interrogatory

Number 5, at pp. 8–9, are approved, while the redaction to the introductory sentence is not. Likewise, the redaction to Plaintiff's response to Interrogatory Number 14, at p. 15, is approved only as to the last four words of the sentence.

(6) Plaintiff's requests to seal specific language (highlighted in green) from Def. Serota Mem., ECF 82-2, are GRANTED in part and DENIED in part. Plaintiff's proposed redactions are approved in accordance with the protocol described *supra*, paragraph (1). For example, the proposed redaction to the first sentence in the second paragraph and the corresponding record citation on p. 3 is denied. In addition, on p. 3, only the names of specific conditions may be redacted. Similarly, only the names of conditions or diagnoses may be redacted on pp. 4–5, 11, and 22. Additionally, in the penultimate paragraph on p. 4, the sixth and eighth words of the first sentence may be redacted; in the second sentence of that paragraph, words six through nine, word number 12, and word number 16 may be redacted.[7]

(7) The parties' requests to seal specific language (highlighted in green for Plaintiff and orange for Defendant) in DeKoven Decl., Ex. A (DeKoven Report), ECF 82-4, are GRANTED in part and DENIED in part.

    a. Defendant's proposed redactions to information relating to product formulations on pp. 5, 28–29, 31–32, and 37 are approved in full. Defendant's proposed redactions on p. 6 are approved in part: Defendant may not redact the percentage range related to publicly

---

[7] This numeration excludes words contained within the citations to the record, which are set off by parentheses. The citations to the record themselves may not be redacted.

accessible information (*i.e.*, "Guidelines in [the] United States and Europe [for] a safe concentration limit specifically for DMDM hydantoin"), as the Court finds that sealing of this information would not protect a "business's proprietary information, such as trade secrets or confidential research." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009).

b.  Plaintiff's proposed redactions are approved in accordance with the protocol described *supra*, paragraph (1). For example, on p. 15, Plaintiff may redact only the last two words in the first sentence of the last full paragraph on that page, and only the names of conditions, medications, or diagnoses may be redacted throughout (*see* pp. 16–25, 40–41); and

IT IS FURTHER ORDERED, on the basis of the foregoing findings, the parties are directed to publicly file the fully briefed motions for summary judgment and for preclusion and all attached exhibits with the redactions and sealing requests approved above.[8] To the extent the parties seek to file any supplemental or renewed applications to file under seal as to Lambert Decl., Ex. E (Wiederman Dep. Tr.), ECF 81-15, **ONLY** the

---

[8] The parties are directed to coordinate their filings such that the motion and opposition paperwork are filed in sequential order on ECF. Counsel should not re-file the documents that have already been filed under seal. To aid the parties and the Court, when filing the unsealed, redacted versions of the documents, the parties are directed to make clear in the docket text which publicly filed, redacted document relates to which sealed document, and the original ECF number for the sealed document when it was first filed. When filing exhibits, counsel must indicate the original ECF number in the description of the document.

documents affected by revised redactions or proposed sealing requests should be refiled with any supplemental motion.

**SO ORDERED.**

Dated:  Brooklyn, New York
        April 23, 2026

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE